UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARTHUR RICHARD WERNER, and
LAURA WERNER, his wife,

    Plaintiffs,

vs.                                                  CASE NO. 8:06-CIV-1306-T-24EAJ

BUSCH ENTERTAINMENT CORPORATION,

    Defendant.
_____/

## ORDER

This cause comes before the court on Plaintiffs' Motion to Remand and Memorandum of Law in support thereof (Doc. No. 5), and Defendant's Opposition to Plaintiffs' Motion to Remand. (Doc. No. 7).

I.    Facts and Procedural History

On or about April 24, 2006, Plaintiffs Arthur Richard Werner and Laura Werner ("Plaintiffs") filed a complaint against Defendant Busch Entertainment Corporation ("Defendant") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. In the complaint, Arthur Werner alleges that he slipped and fell while descending poorly lit stairs at Defendant's theme park and suffered severe injuries. He further alleges that these injuries were a direct and proximate cause of Defendant's negligence. Laura Werner, who is Arthur Werner's spouse, alleges that she lost the attention, companionship, services, society, comfort and consortium of her husband as a result of his injuries.

On July 13, 2006, Defendant filed its Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441. (Doc. No. 1). It asserted

that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000. On July 26, 2006, Plaintiffs filed the instant Motion to Remand pursuant to 28 U.S.C. § 1447, arguing that there is not complete diversity between the parties. Defendant opposes this motion.

II.     Standard of Review

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). The removing party must make "an affirmative showing . . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961).

III.    Discussion

A defendant may remove a civil action brought in state court to federal court, provided that the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. Original jurisdiction may be based upon diversity of citizenship. 28 U.S.C. § 1332. Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.* For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. *MacGinnitie v. Hobbs Group, LLC*, 420 F. 3d 1234, 1239 (11th Cir. 2005). Here, Defendant is incorporated in the state of Delaware and is therefore a citizen of that state.

The "total activities" test is used to determine a corporation's principal place of business. *Id*. "This analysis incorporates both the 'place of activities' test ([which] focus[es] on production or sales activities), and the 'nerve center' test ([which places] emphasis on the locus of the managerial and policymaking functions of the corporation)." *Vareka Invs., N.V. v. Am. Inv. Props., Inc.*, 724 F.2d 907, 910 (11th Cir. 1984). "Under [the total activities] test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal place of business.'" *MacGinnitie,* 420 F. 3d at 1239 (quoting *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 315 (5th Cir. 1980)).

Here, Plaintiffs, who are Florida citizens, argue that this Court lacks jurisdiction because there was not complete diversity of citizenship between the parties at the time the complaint was filed. They argue that Defendant's principle place of business is in Florida because Defendant has an overwhelming presence in the state, conducts a great amount of business here, and has significant contacts with the community. Plaintiffs do not dispute that the amount in controversy exceeds $75,000.

In response, Defendant contends that jurisdiction is proper in this Court because its principal place of business is in Missouri–not in Florida. Defendant represents that the company's headquarters, board of directors, and senior management are all located there. Defendant further asserts that its operations and theme parks are dispersed across the country in four other states and that none of its Florida parks have any managerial, organizational, or other authority over its parks in other states.

In support of its argument that its principal place of business is in Missouri, Defendant relies on *Reynolds v. Busch Entertainment Corp.*, No. 8:03-cv-288-T-17MSS, slip op. at 1-5 (M.D. Fla. June 18, 2003) (unreported opinion), a similar, but unrelated case in which the Court previously addressed the issue of Defendant's citizenship. In *Reynolds*, the plaintiff, who was a Florida citizen, alleged that Defendant was also a Florida citizen because its core operation and activity was located in Tampa, Florida, at the Busch Gardens theme park. *Id*. at 2. As in this case, Defendant disputed Florida citizenship and presented evidence to show that Busch Gardens was not its "flagship" theme park, that it operates parks in four other states, and that its headquarters, board of directors, and president were located in Missouri. *Id*. at 3. The Court found that because Defendant's operations were dispersed over many locations, the "nerve center" of the company was more significant in determining its principal place of business. *Id.* at 4. The Court ruled that Defendant's principal place of business was in Missouri because all of its parks were operated under the supervision of the company's headquarters, or "nerve center," located there. *Id*. at 4-5. Therefore, there was complete diversity of citizenship between the parties. *Id.* at 5.

Here, Defendant has satisfied its burden of establishing diversity jurisdiction. *See Diaz*, 85 F.3d at 1505. As in *Reynolds*, Defendant presented evidence to show that its physical operations and activities are dispersed throughout the country. The company continues to maintain nine theme parks in five different states, a majority of which are located outside the state of Florida. Moreover, the record is absent of any evidence to support Plaintiffs' contention that Defendant has a "greater public presence and conducts more activity in Florida than in other states where it operates." Accordingly, because the company's "physical activities are . . .

dispersed across several states," the location of its "nerve center, or corporate offices," is the company's principal place of business. *See MacGinnitie*, 420 F.3d at 1239.

Furthermore, Defendant has offered evidence to establish that its "nerve center" is located in Missouri. Defendant has shown that its headquarters, board of directors, and senior management all are in Clayton, Missouri, and that all major policy decisions affecting Defendant's operations continue to come from its corporate headquarters. Defendant's Busch Gardens theme park in Tampa, Florida, has no managerial, organizational, or other authority over any of the company's other parks. Therefore, Defendant's principle place of business for jurisdictional purposes is in Missouri.

Plaintiffs argue that the Court should place more reliance on the "place of activities" test than the "nerve center" test, citing *Mercury Finance Corp. v. Aetna Casualty & Surety Co.*, 900 F. Supp. 390, 394 (M.D. Ala. 1995). This argument is misplaced and lacks merit. "[N]either . . . test inflexibly dictates the corporation's principal place of business. Rather the tests simply stand for the general rules regarding the determination of a particular corporation's principal place of business." *Id.* (citing *J.A. Olson Co. v. City of Winona*, 818 F.2d 401, 409 (5th Cir. 1987)). Moreover, our caselaw is clear that a corporation's principal place of business for purposes of diversity jurisdiction is its "nerve center" when, as here, the defendant has shown that its "physical activities are . . . dispersed across several states . . . ." *MacGinnitie*, 420 F.3d at 1239.

Plaintiffs' reliance on *Destefano v. Home Shopping Network*, *Inc.*, No. 8:05-cv-1299-T-23MSS, 2006 WL 539542 (M.D. Fla. Mar. 6, 2006) is similarly unpersuasive. In *Destefano*, the Court ruled that the defendant failed to establish diversity jurisdiction by a preponderance of the

evidence because it failed to address in any meaningful way whether it was a citizen of Florida. *Id.* at *3. The defendant did not explain the significance of its 53-acre Florida facility, its functions, or the relationship that facility had to other functions of the company. *Id.* Rather, the company presented sparse and conclusory information about its operations, which was not probative of the issue of its Florida citizenship. *Id.* By contrast, in the case before the Court, Defendant has presented substantial evidence to demonstrate that its principal place of business is in Missouri, rather than Florida. Defendant filed a declaration by its Vice President of Finance, as well as corporate filings with the states of Missouri and Florida, each of which support Defendant's position.

After a review of the Plaintiffs' Motion to Remand, Defendant's Opposition to Plaintiffs' Motion to Remand, and the relevant case law, this Court finds that the Defendant fulfilled its burden of establishing the Court's diversity jurisdiction. Plaintiffs are citizens of the state of Florida, while Defendant is a citizen of the states of Delaware and Missouri.

Accordingly, it is ORDERED AND ADJUDGED that the Plaintiffs' Motion to Remand (Doc. No. 5) is DENIED.

DONE AND ORDERED at Tampa, Florida this 14th day of September, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record